Filed 10/9/20  P. v. Nowden CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TERRANCE LAMONT NOWDEN,<br><br>      Defendant and Appellant. | D075767<br><br><br><br>(Super. Ct. No. SCD143117) |

APPEAL from an order of the Superior Court of San Diego County, Frederick L. Link, Judge.  Reversed and remanded.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne McGinnis and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Terrance Lamont Nowden filed a petition under Penal Code,[1] section 1170.95 requesting his first degree felony-murder conviction be vacated and he be resentenced. After appointing counsel but before briefing occurred, the trial court issued an order denying the petition stating the jury had found special circumstances that made Nowden ineligible for resentencing. Nowden argues that in light of new standards for determining whether a defendant has acted as a major participant with reckless indifference to human life detailed in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), the court erred by denying relief without allowing him the opportunity to file a brief. The People contend the trial court's summary denial was proper because the jury's special circumstances findings in 2000 render Nowden ineligible for relief as a matter of law. We conclude the trial court's summary denial of the petition was improper because it considered only the language of the verdict. Accordingly, we will remand the matter.

BACKGROUND AND PROCEDURAL FACTS

A. Nowden's 2000 Conviction

A jury convicted Nowden of first degree murder (§ 187, subd. (a)), residential burglary of an inhabited dwelling in the first degree (§§ 459, 460), two counts of attempted first degree robbery, perpetrated in an inhabited dwelling (§§ 664, 211, 213, subd. (b), 212.5, subd. (a)), and assault by means likely to produce great bodily injury (GBI) (§ 245, subd. (a)(1)). The jury found as special circumstances that the murder was committed during the commission of burglary in the first or second degree (§ 190.2, subd. (a)(17)(G) and during the commission of attempted robbery (§ 190, subd. (a)(17)(A)).

---

[1] Further section references are to the Penal Code.

2

Nowden was sentenced to life without the possibility of parole plus four years.

The following facts about the murder are taken from this court's unpublished opinion in Nowden's direct appeal, (*People v. Nowden* (Dec. 31, 2001, D036964) [nonpub. opn.]), in which this court affirmed the judgment.

"Jose and Isabel Sedano lived on Skyline Drive with their children, Delores, 10, and Eduardo, 5. On the evening of November 24, 1998, after the Sedano family had gone to bed, three or four African-American men broke into the house. Isabel was awakened by loud noises and dogs barking. While Jose remained asleep, Isabel got up and went to the window. Suddenly, the bedroom door was kicked open, which woke up Jose. Two men entered the bedroom, one brandishing a gun. A third man stood by the door. The man with the gun pointed it at Isabel and asked: 'Where is the clavo?' 'Clavo' is slang for drugs in Spanish; its literal translation is nails. Isabel said there were no drugs.

"The third man went to the room shared by Delores and Eduardo. Jose pleaded for the children to be left alone. The man with the gun hit Jose on the forehead with the gun, forcing him to the ground. The man with the gun also struck Isabel on the head and face with the butt of the gun. The other man in the master bedroom tied Isabel's hands behind her back and put black plumber's tape over her eyes and nose. She asked the intruders to uncover her nose and leave it open; one of them complied, but then taped her mouth. The intruders bound Jose's hands behind his back and wrapped tape around his head. Jose's nose and mouth were completely covered by several layers of tape.

"The intruder who went into Delores's bedroom asked her where the clavo was. Delores, thinking the man wanted nails, took him to the garage

3

and handed him some nails. The man threw down the nails and took her back to the house. At one point, Delores needed to go to the bathroom. The man stood in the doorway of the bathroom with his back to Delores. At another point, Delores was choked and lost consciousness. She was also sprayed in her eyes and on her face with WD-40.

"The intruders ransacked the house. Before they left, one of the intruders covered Isabel's nose with tape and said to her: 'Hasta la vista, lady.' Isabel was able to breathe because she had moistened the tape over her mouth with her tongue and the tape had not stuck to her mouth.

"After the intruders left, Delores removed some of the tape from her mother's face and telephoned 911. When police arrived, Isabel was bleeding but alive. Jose was dead from asphyxia by smothering. Isabel suffered lacerations to the top of her head, the back of her head and under her chin. Doctors stapled the wound on the top of her head and sutured the other wounds. Isabel had a black eye. While Delores was at the hospital, doctors noticed the bruises on her face turning more purple and blue, her head becoming more swollen and petechiae (small, dot-like hemorrhages) on her face. The emergency room doctor said petechiae are caused when a significant amount of force is applied to a person's neck. Delores was admitted to the hospital.

"The intruders sprayed WD-40 on surfaces throughout the house, apparently to destroy any fingerprints they left. However, crime scene investigators were able to lift numerous fingerprints. A latent print examiner identified a print on a disposable glove found on the floor in the garage and prints found on the doorway of Delores's bathroom as Nowden's fingerprints."

## B. Nowden's Section 1170.95 Petition

On January 18, 2019, Nowden filed a petition for resentencing under section 1170.95, declaring he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, because he was not the actual killer, he did not have intent to kill, and he was not a major participant in the felony or he did not act with a reckless indifference to human life.

On February 22, 2019, the People, through the District Attorney, filed a motion to deny the petition in which they argued Nowden failed to make a prima facie showing of eligibility for resentencing. The motion stated that petitioner was found guilty of one count of first degree murder, one count of residential burglary, and two counts of attempted robbery and one count of assault by means likely to produce great bodily injury, and the jury found true the special circumstance allegation that the murder was committed in the course of an attempted robbery and a burglary, each in violation of section 190.2, subdivision (a)(17).

On March 12, 2019, at Nowden's request, the court appointed a public defender to represent Nowden.

On March 18, 2019, the court denied Nowden's section 1170.95 petition. The court stated that Nowden had not made a prima facie showing of entitlement to relief because he was "found guilty by a jury of one count of first-degree murder, one count of residential burglary, two counts of attempted robbery, and one count of assault by means likely to produce great bodily injury. The jury found true special circumstances allegations that the murder was committed during the course of an attempted robbery, in violation of section 190.2, subdivision (a)(17). As such, petitioner is ineligible for relief." Nowden timely appealed.

5

DISCUSSION

A. Senate Bill No. 1437

Senate Bill No. 1437, which added section 1170.95 to the Penal Code and amended sections 188 and 189, became effective January 1, 2019. (See Stats. 2018, ch. 1015, § 4.) Following its amendment, section 188 reads: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Following its amendment, section 189, subdivision (e) now reads: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a)[2] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section (d) of Section 190.2."[3]

Section 1170.95 created a petition process that permits a defendant convicted of murder under a felony-murder theory to petition to have his

---

[2] Section 189, subdivision (a) includes murder committed in the perpetration or attempted perpetration of burglary and robbery.

[3] Section 190.2, subdivision (d) provides that a defendant who is not the actual killer but who is a major participant in a felony listed in subdivision (a)(17) that results in death, and who acts with a reckless indifference to human life, can be punished by death or life without parole if a special circumstance in subdivision (a)(17) is found true. Robbery and attempted robbery are enumerated felonies identified in subdivision (a)(17).

6

conviction vacated and to be resentenced. (§ 1170.95, subd. (a); see *People v. Johns* (2020) 50 Cal.App.5th 46, 67.) Section 1170.95 requires the trial court to determine whether the petitioner has made a prima facie showing that the prosecution proceeded under a felony-murder theory or the natural and probable consequences doctrine, the jury convicted the petitioner of first or second degree murder or the petitioner accepted a plea instead of having a trial in which the petitioner could be convicted of first or second degree murder, and the petitioner could not be convicted of first or second degree murder presently in light of changes to sections 188 or 189, which became effective January 1, 2019. (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

If a review of the facial sufficiency of the petition shows it does not comply with requirements, the trial court may deny it without prejudice. (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 327-328, rev.gr.; § 1170.95, subd. (b)(2).) If the petition includes the required information, the court reviews the petition to determine whether it makes a prima facie showing that the conviction falls within section 1170.95, and the court appoints counsel if one was requested. (*Verdugo*, at pp. 327-328; § 1170.95, subd. (c).) The court may consider readily ascertainable information, including the record of conviction, which may demonstrate ineligibility if the petitioner was convicted on a ground that remains valid after Senate Bill No. 1437's amendments to sections 188 and 189. (*Verdugo*, at p. 330; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, fn. 7, 1137-1138 (*Lewis*), review granted, Mar. 18, 2020, S260598.) The court's role at this stage is "to determine whether the petitioner is ineligible for relief as a matter of law," with all inferences in the petitioner's favor. (*Verdugo*, at p. 329.) When the petitioner's ineligibility for resentencing is not established by the record of

7

conviction as a matter of law, the court then directs the prosecutor to file a response to the petition and to permit the petitioner to file a reply. (*Id.* at p. 330.) Then the court determines whether the petitioner has made a prima facie showing of entitlement to relief, with the benefit of the parties' briefing and analyses. (*Ibid.*)

"If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) After the order to show cause issues, the court holds a hearing to determine whether to vacate the murder conviction and recall the sentence and resentence the petitioner on the remaining counts. (§ 1170.95, subd. (d)(1).) At that hearing, the burden is on the prosecution to prove beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

## B. Analysis

Nowden challenges the trial court's decision at the stage of the trial court's first prima facie review, based on readily ascertainable information, including the record of conviction.[4] (See *Verdugo, supra*, 44 Cal.App.5th at pp. 327-328, rev.gr.) The issue before us is whether the trial court properly denied the petition as a matter of law. (See, e.g., *Id.* at pp. 332-333; *Lewis, supra,* 43 Cal.App.5th at p. 1140, rev.gr.; *Cornelius, supra*, 44 Cal.App.5th at

---

[4]     This prima facie review provides trial courts an opportunity to dismiss petitions in which the records clearly demonstrate an inability to meet the prima facie burden, for example when the petitioner is the actual killer (see § 189, subd. (e)(1)), there was a determination the petitioner demonstrated an intent to kill (see § 189, subd. (e)(2); see, e.g., *Verdugo, supra,* 44 Cal.App.5th at p. 330, rev. gr. [conviction for conspiracy to commit murder, an express malice crime]), or the petitioner was not convicted of felony murder or murder as an aider or abettor under a natural and probable consequences theory (see § 1170.95, subd. (a)(3); *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted, Mar. 18, 2020, S260410.)

p. 58, rev.gr.) The People maintain that Nowden is ineligible for relief based on the record of conviction because the jury in 2000 rendered a true finding as to a special circumstance under section 190.2, subdivision (a)(17). Nowden maintains that the denial cannot properly be based solely on the jury's verdict because that conviction is based on a theory that is no longer valid in light of *Banks* and *Clark*.

In 2015 and 2016, our Supreme Court "clarified 'what it means for an aiding and abetting defendant to be a "major participant" in a crime who acted with a "reckless indifference to human life." ' " (*In re Taylor* (2019) 34 Cal.App.5th 543, 546.) In *Banks*, the court addressed both prongs and identified certain factors to consider in determining whether a defendant was a major participant (*Banks*, *supra*, 61 Cal.4th at p. 803); *Clark* identified factors to determine whether the defendant acted with reckless indifference to human life (*Clark*, *supra*, 63 Cal.4th at pp. 619-623).[5] The court clarified that the risk of death from an armed robbery alone is not a basis for finding reckless indifference. (*Banks*, at p. 801.) Instead, the focus should be on the defendant's personal role in the crimes leading to a victim's death, and "[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid*.) In *Clark*, the Supreme Court detailed and applied several factors: knowledge of weapons and use and number of weapons, physical presence at the crime and opportunities to restrain the crime and/or aid the victim, duration of the felony, defendant's knowledge of the other perpetrators' likelihood of killing,

---

[5]     The factors are derived from the U.S. Supreme Court's opinions in *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*) and *Enmund v. Florida* (1982) 458 U.S. 782.

and the defendant's efforts to minimize the risk of violence during the felony. (*Clark*, at pp. 619-623.)

Nowden was neither the killer nor was he convicted of a crime requiring proof of express malice. The jury's special circumstances findings rendered in 2000 indicate the jury concluded Nowden was a major participant in the crime who acted with reckless indifference to human life in Jose's death, but these jury findings, the sole basis on which the trial court based its opinion, do not preclude Nowden from showing that he could not be convicted now of first or second degree murder under amended section 189. Thus, to determine whether Nowden has met his prima facie burden to demonstrate eligibility for resentencing under section 1170.95, a court must consider whether his crime meets the requirements for a special circumstances finding as set forth in *Banks* and *Clark*.

The trial court's order summarily denying Nowden's petition under section 1170.95 indicates it relied exclusively on the jury's special circumstances findings and offered no alternative reason for finding Nowden ineligible for resentencing as a matter of law. However, several appellate courts have concluded that making a determination based solely on the verdict's language is improper, and they have declined to determine, in light of the considerations required by *Banks* and *Clark*, that the petitioners in such circumstances could be found—as a matter of law—to have acted as major participants who acted with reckless indifference to human life. (*People v. Smith* (2020) 49 Cal.App.5th 85, 93 [Second Appellate District, Division Five], review granted, July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178-1179 (*Torres*), [Second Appellate District, Division Five], review granted June 24, 2020, S262011; *People v. Law* (2020)

48 Cal.App.5th 811, 816 (*Law*), [Fourth Appellate District, Division Two], review granted July 8, 2020, S262490.)[6]

The opinion in Nowden's direct appeal addresses the sufficiency of the evidence for the special circumstances finding, applying *Tison* to its analysis. It reviewed the facts presented at trial and concluded Nowden was a major participant within the meaning of section 190.2, subdivision (d) because he played an active role in the burglary and attempted robbery. With respect to the reckless indifference requirement, the opinion notes that "the jury could reasonably find that Nowden was aware his cohorts had a gun and tape and that such a home invasion carried a grave risk of death," citing the presence of the gun as increasing the risk of death, and noting Nowden failed to discourage his cohorts or stop the smothering before they left.

Nowden was one of three intruders. A different intruder used a gun to threaten and hit Jose and Isabel. (*People v. Nowden*, *supra*, D036964.) Another intruder tied up Isabel and placed plumber's tape over her nose. (*Ibid.*) Nowden confronted 10-year-old Delores, followed her to the garage, threw down nails, and he stood in the doorway of the bathroom while Delores used it. (*Ibid.*) One of the intruders choked Delores to unconsciousness, and one of them sprayed her eyes and face with WD-40. (*Ibid.*) And one of the intruders covered Jose and Isabel's mouths and noses with plumber's tape, which ultimately led to Jose's death from asphyxiation by smothering. (*Ibid.*) While it appears Nowden was present at the crime and involved in seeking

---

6  The appellate court in *Law* applied the factors from *Banks* and *Clark* to the facts and concluded the trial court properly summarily dismissed the petition. (*Law*, *supra*, 48 Cal.App.5th at p. 825.) However, the court there also noted that the trial court had erred by concluding the special circumstances finding alone was sufficient to make the petitioner ineligible for relief. (*Ibid.*)

11

the drugs, it is not clear from this account what particular role Nowden played beyond taking Delores to the garage and monitoring her. Our opinion on direct appeal affirms the reckless indifference determination because Nowden could have been aware the other intruders had a gun and tape and a home invasion carried a risk of death. However, the Supreme Court subsequently explained that the risk of death from an armed robbery alone is not a basis for finding reckless indifference. (*Banks*, *supra*, 61 Cal.4th at p. 801.) The opinion does not analyze other factors, including opportunities to restrain the crime or aid the victims, the duration of the felony, knowledge of the other perpetrators' likelihood of killing, or efforts to minimize the risk of violence during the felony. (See *Clark*, *supra*, 63 Cal.4th at pp. 619-623.) Although section 1170.95 does not allow a petitioner to seek a redetermination of the facts that led to conviction, it allows the petitioner to show those facts no longer support the murder conviction based on a theory that remains valid.

Because we cannot say as a matter of law that Nowden's actions make him ineligible for relief under section 1170.95, there is a possibility that Nowden was punished for conduct no longer prohibited by section 190.2. Accordingly, we conclude the trial court erred in summarily denying the petition based on the pre-*Banks* and *Clark* special circumstances verdict finding and reverse.

On remand, the court is to conduct a hearing after receiving briefing from the prosecution and the petitioner and determine whether the petitioner has made a prima facie showing he is entitled to relief. If petitioner makes this showing, the court shall issue an order to show cause at which hearing the prosecution has the burden of establishing beyond a reasonable doubt Nowden is ineligible for resentencing.

DISPOSITION

The trial court's order denying Nowden's resentencing petition is reversed and the matter remanded for the court to conduct a hearing after receiving briefing from the prosecution and the petitioner, after which the court can determine whether the petitioner has made a prima facie showing he is entitled to section 1170.95 relief. If petitioner makes this showing, the trial court shall issue an order to show cause at which hearing the prosecution has the burden of establishing beyond a reasonable doubt Nowden is ineligible for resentencing.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


DATO, J.

13